IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01977-BNB

IMPERIAL LENDING, LLC.,

     Plaintiff,

v.

VIKKI S. LEE,

     Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 3 2006

GREGORY C. LANGHAM
CLERK

## ORDER FOR SUMMARY REMAND

Defendant Vikki S. Lee has filed *pro se* a "Notice of Removal of Case to United States District Court and Jury Demand" and a motion seeking leave to proceed *in forma pauperis*. The *in forma pauperis* motion will be granted. Ms. Lee seeks to remove to this Court a civil case filed in the County Court of Arapahoe County. On October 6, 2006, Plaintiff filed a "Motion for Remand" asking the Court to remand this action to the state court. On October 20, 2006, Ms. Lee filed her "Response to Plaintiff's Motion for Remand."

The Court must construe the notice of removal and the "Response to Plaintiff's Motion for Remand" liberally because Ms. Lee is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the "Motion for Remand" will be granted and this action will be remanded to the state court.

Ms. Lee borrowed money from Plaintiff to refinance the mortgage on her residence.  Plaintiff subsequently initiated foreclosure proceedings and obtained a public trustee deed for Ms. Lee's residence at the conclusion of the foreclosure proceedings.  When Ms. Lee failed to vacate her residence, Plaintiff initiated the instant eviction action in state court by filing a "Complaint in Forcible Entry and Detainer."  On September 22, 2006, Ms. Lee filed her notice of removal removing the eviction case to this Court.  Ms. Lee contends that removal is appropriate pursuant to 28 U.S.C. § 1441.  Plaintiff argues that removal is not appropriate because this Court lacks subject matter jurisdiction over the eviction case.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."  *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  Ms. Lee does not argue that there is diversity of citizenship in the instant action or that the eviction case against her is based on federal law.  Instead, she apparently believes that removal is appropriate because the defenses she is raising in the eviction case arise under federal law.  However, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."  *Id.*  Therefore, because the instant action could not have been filed in this Court originally, the "Motion for Remand" will be granted and the case will be remanded to the state court.

Finally, Plaintiff asks in the "Motion for Remand" for an award of attorneys' fees and costs.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred

2

as a result of the removal." The standard to be applied in these circumstances is clear. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). It is not necessary to demonstrate bad faith in order to justify an award of costs and fees. *See Topeka Housing Authority*, 404 F.3d at 1248. "What *is* required to award fees, however, is a showing that the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). Furthermore, the fact that Ms. Lee is proceeding *pro se* does not prevent the Court from awarding costs and attorneys' fees. *See Topeka Housing Authority*, 404 F.3d at 1248.

For the reasons discussed above, it cannot reasonably be argued that the Court would have had subject matter jurisdiction over the eviction case filed against Ms. Lee by Plaintiff if the case had been filed in this Court originally. Therefore, the Court finds that Ms. Lee's removal of the instant action was inappropriate, that she lacked an objectively reasonable basis for seeking removal, and that Plaintiff's request for costs and attorneys' fees should be granted. The Court will require Ms. Lee to pay $200.00 to Plaintiff for its costs and attorneys' fees expended in defending this frivolous removal litigation. Although the Court recognizes that $200.00 is less than Plaintiff's actual costs and expenses, the Court believes that this amount is fair and reasonable. *See id.* Accordingly, it is

ORDERED that the motion seeking leave to proceed *in forma pauperis* filed by Defendant on September 22, 2006, is granted. It is

3

FURTHER ORDERED that the Motion for Remand filed by Plaintiff on October 6, 2006, is granted.  It is

FURTHER ORDERED that this action is remanded summarily to the County Court of Arapahoe County.  It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court of Arapahoe County.  It is

FURTHER ORDERED that Defendant Vikki S. Lee is ordered to pay $200.00 to Plaintiff pursuant to 28 U.S.C. § 1447(c).

DATED at Denver, Colorado, this __2__ day of _____Nov._____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01977-BNB

Vikki S. Lee
2060 W. Baker Ave
Engelwood, CO 80110

Arapahoe County Court
1790 W. Littleton Blvd.
Littleton, CO 80120

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on _11/3/06_

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk